**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| SAVE JOBS USA, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:15-cv-615-TSC |
| | ) | |
| UNITED STATES DEPARTMENT OF | ) | |
| HOMELAND SECURITY, | ) | |
| | ) | |
| *Defendant,* | ) | |
| | ) | |
| *and* | ) | |
| | ) | |
| ANUJKUMAR DHAMIJA, *et al.,* | ) | |
| | ) | |
| *Intervenors.* | ) | |
| | ) | |

**DEFENDANT'S OPPOSITION TO**
**PLAINTIFF'S CROSS-MOTION FOR A PRELIMINARY INJUNCTION**

JOSEPH H. HUNT
Assistant Attorney General

WILLIAM C. PEACHEY
Director

GLENN M. GIRDHARRY
Assistant Director

JOSHUA S. PRESS
Trial Attorney
United States Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel: (202) 305-0106
Fax: (202) 305-7000
e-Mail: joshua.press@usdoj.gov

*Attorneys for Defendant*

## TABLE OF CONTENTS

INTRODUCTION ........................................................................................................... 1

BACKGROUND ...........................................................................................................1

STANDARD OF REVIEW  ...........................................................................................2

ARGUMENT...................................................................................................................2

   I.    Save Jobs Has Not Established Any Irreparable Harm .......................................2

   II.   None Of The Other Factors For Preliminary Relief Weigh In Save Jobs's Favor .............4

CONCLUSION ...............................................................................................................5

## **TABLE OF AUTHORITIES**

### CASES

*Cal. Ass'n of Private Postsecondary Schs. v. DeVos*,
    344 F. Supp. 3d 158 (D.D.C. 2018)..............................................................................4

*Chaplaincy of Full Gospel Churches v. England*,
    454 F.3d 290 (D.C. Cir. 2006)......................................................................................2

*Fla. EB-5 Invs., LLC v. Wolf*,
    — F. Supp. 3d —, 2020 WL 1079181 (D.D.C. Mar. 6, 2020)...................................1

*GEO Specialty Chems., Inc. v. Husisian*,
    923 F. Supp. 2d 143 (D.D.C. 2013)..............................................................................3

*Int'l Internships Programs v. Napolitano*,
    798 F. Supp. 2d 92 (D.D.C. 2011)................................................................................5

*Mylan Pharm., Inc. v. Shalala*,
    81 F. Supp. 2d 30 (D.D.C. 2000)..................................................................................4

*Nat'l Ass'n of Mortg. Brokers v. Bd. of Governors of the Fed. Res. Syst.*,
    773 F. Supp. 2d 151 (D.D.C. 2011)..............................................................................4

*Nken v. Holder*,
    556 U.S. 418 (2009) .....................................................................................................5

*Olu-Cole v. E.L. Haynes Pub. Charter Sch.*,
    930 F.3d 519 (D.C. Cir. 2019)......................................................................................2

*Safari Club Int'l v. Jewell*,
    47 F. Supp. 3d 29 (D.D.C. 2014)..............................................................................3, 4

*Sampson v. Murray*,
    415 U.S. 61 (1974) .......................................................................................................2

*Sea Containers Ltd. v. Stena AB*,
    890 F.2d 1205 (D.C. Cir. 1989)....................................................................................2

*Solidarity With People of El Salvador ("CISPES") v. Sessions*,
    929 F.2d 742 (D.C. Cir. 1991)...................................................................................2, 3

*United States v. Hall*,
    370 F.3d 1204 (D.C. Cir. 2004).....................................................................................5

*United States v. Western Elec. Co.*,
   777 F.2d 23 (D.C. Cir. 1985)................................................................................................ 3

*Winter v. Nat. Res. Defense Council, Inc.*,
   555 U.S. 7 (2008) ........................................................................................................... 2, 4

*Wis. Gas Co. v. FERC*,
   758 F.2d 669 (D.C. Cir. 1985).......................................................................................... 1, 2, 3

## REGULATIONS

80 Fed. Reg. 10 ....................................................................................................................... 1

## INTRODUCTION

This Court should deny Plaintiff Save Jobs USA's cross-motion for a preliminary injunction (ECF No. 54) ("Plaintiff's Motion" or "Pl.'s Mot."). There is no basis for injunctive relief because the *conceded* lack of irreparable injury to either Save Jobs or its members under the present circumstances. *Compare* Pl.'s Mot. 8 (acknowledging that its requested "injunction will not immediately eradicate Save Jobs USA's injury" but arguing that such harm could be "gradual[ly] taper[ed] off … over time"), *with Fla. EB-5 Invs., LLC v. Wolf*, — F. Supp. 3d —, 2020 WL 1079181, at *3 (D.D.C. Mar. 6, 2020) ("A preliminary injunction is not appropriate unless 'the injury complained of [is] of such *imminence* that there is a "clear and present" need for equitable relief to prevent irreparable harm.'" (quoting *Wis. Gas Co. v. FERC*, 758 F.2d 669, 674 (D.C. Cir. 1985) (per curiam)).

## BACKGROUND

Save Jobs brought this Administrative Procedure Act ("APA") suit challenging the Department of Homeland Security's H-4 Rule, "Employment Authorization for Certain H-4 Dependent Spouses," 80 Fed. Reg. 10,284 (Feb. 25, 2015). After this Court dismissed their case for lack of standing, Save Jobs appealed. *See* 210 F. Supp. 3d 1 (D.D.C. 2016). The D.C. Circuit reversed and remanded to this Court for consideration of the merits. 942 F. 3d 504 (D.C. Cir. 2019). On remand, Intervenors moved to stay the case based on DHS's impending Notice of Proposed Rulemaking that will substantially amend and potentially rescind the challenged H-4 Rule. *See* ECF No. 52. Save Jobs opposed and now seeks a preliminary injunction to stop the H-4 Rule from providing qualifying H-4 visa holders with temporary employment authorization if this Court stays this case. *See* Pl.'s Mot. 8.

**STANDARD OF REVIEW**

To obtain a preliminary injunction, movants must show they are "likely to succeed on the merits, likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in [their] favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Defense Council, Inc.*, 555 U.S. 7, 20 (2008). A "movant must demonstrate at least some injury for a preliminary injunction to issue, for the basis of injunctive relief in the federal courts has always been irreparable harm." *Chaplaincy of Full Gospel Churches v. England*, 454 F.3d 290, 297 (D.C. Cir. 2006) (internal citations and quotation marks omitted); *see also Sampson v. Murray*, 415 U.S. 61, 88 (1974). "[T]he degree of proof required for irreparable harm is high," *Olu-Cole v. E.L. Haynes Pub. Charter Sch.*, 930 F.3d 519, 529 (D.C. Cir. 2019), and a "movant's failure to show any irreparable harm is therefore grounds for refusing to issue a preliminary injunction, even if the other three factors entering the calculus merit such relief," *Chaplaincy of Full Gospel Churches*, 454 F.3d at 297. *See also, e.g.*, *Comm. in Solidarity With People of El Salvador ("CISPES") v. Sessions*, 929 F.2d 742, 746 (D.C. Cir. 1991) ("Injunctions issue to prevent irreparable harm. When there appears to be no real harm to prevent, a court is justified in refusing to provide such relief." (citations omitted)); *Sea Containers Ltd. v. Stena AB*, 890 F.2d 1205, 1210–11 (D.C. Cir. 1989); *Wisc. Gas Co. v. FERC*, 758 F.2d 669, 674 (D.C. Cir. 1985) (per curiam).

**ARGUMENT**

**I.      Save Jobs Has Not Established Any Irreparable Harm.**

Save Jobs fails to establish that its members' speculative economic injuries are sufficient to satisfy the D.C. Circuit's "high standard for irreparable injury," *Chaplaincy of Full Gospel Churches*, 454 F.3d at 297, that "must be both certain and great; it must be actual and not theoretical," *Wis. Gas Co.*, 758 F.2d at 674. Indeed, they acknowledge that the requested "injunction will not immediately eradicate Save Jobs USA's injury" and speculate that it will

"gradual[ly] taper off … over time." Pl.'s Mot. 8. "Injunctions ... will not issue to prevent injuries neither extant nor presently threatened, but only merely feared." *CISPES*, 929 F.2d at 745–46.

Save Jobs's claim of irreparable harm relies on the H-4 Rule eliminating or significantly reducing employment opportunities, meaning that the number of available information-technology jobs would significantly decline due to the H-4 Rule. But this relationship has not been shown to be "certain" and "actual," rather than merely "theoretical." *Wis. Gas Co.*, 758 F.2d at 674; *see also GEO Specialty Chems., Inc. v. Husisian*, 923 F. Supp. 2d 143, 148 (D.D.C. 2013) (same). Plaintiff's five-year old affidavits do not meet this demanding standard because they say nothing about the *present* job market or threat of impending economic harm. *See* ECF No. 26-2. Movants must "provide proof that the harm [that] occurred in the past … is likely to occur *again*, or proof indicating that the harm is *certain to occur in the near future*." *Wis. Gas Co.*, 758 F.2d at 674 (emphases added); *see also United States v. Western Elec. Co.*, 777 F.2d 23, 30 (D.C. Cir. 1985) (same). Save Jobs has failed to meet this demanding standard.

Moreover, Save Jobs's only injury is economic loss which constitutes irreparable harm only when such loss threatens the very existence of the movant's business or where it is irrecoverable. *See Wis. Gas Co.*, 758 F.2d at 674 ("economic loss does not, in and of itself, constitute irreparable harm"); *Safari Club Int'l v. Jewell*, 47 F. Supp. 3d 29, 36 (D.D.C. 2014) (similar). Yet Save Jobs does not contend or describe any such existential injury, rather, it merely asserts that "Save Jobs USA members bear the brunt [of] harm from the ... influx of non-immigrant labor under the H-4 Rule," Pl.'s Mot. 8, citing its members' affidavits from *five years* ago, ECF No. 26-2.

Save Jobs further asserts that this "harm is irreparable because there is no method of recovery." Pl.'s Mot. 8. But the "fact that economic losses may be unrecoverable does not, in and

of itself, compel a finding of irreparable harm." *Safari Club Int'l*, 47 F. Supp. 3d at 36 (quoting *Mylan Pharm., Inc. v. Shalala*, 81 F. Supp. 2d 30, 42 (D.D.C. 2000)). The injury must be "more than simply irretrievable; it must also be serious in terms of its effect on the plaintiff." *Id.* (quoting *Mylan Pharm.*, 81 F. Supp. 2d at 42)). Here, Save Jobs has not established the "serious[ness]" of its members' claimed unrecoverable losses. They merely claim that the H-4 Rule causes them increased competition for employment. *See* ECF No. 26-2. Even if those assertions could be enough to establish Article III standing, they do not meet the demanding irreparable harm standard. *See Cal. Ass'n of Private Postsecondary Schs. v. DeVos*, 344 F. Supp. 3d 158, 171 (D.D.C. 2018) ("The [preliminary injunction] standard also requires more than conclusory assertions of potential loss. To permit the Court to evaluate the nature and extent of the alleged irreparable injury, the movant bears the burden of presenting 'specific details regarding the extent to which [its] business will suffer.'" (quoting *Nat'l Ass'n of Mortg. Brokers v. Bd. of Governors of the Fed. Res. Syst.*, 773 F. Supp. 2d 151, 181 (D.D.C. 2011))).

Consequently, the D.C. Circuit's ruling that Save Jobs has shown sufficient injury for standing is not sufficient to show irreparable harm here as it does not establish that Save Jobs's members face a certain and great economic harm sufficient for a preliminary injunction to issue.

## II.   None Of The Other Factors For Preliminary Relief Weighs In Save Jobs's Favor.

The remaining injunctive factors weigh decisively against injunctive relief. This Court has previously indicated that it "would likely conclude that DHS's interpretation of its authority under the INA is not unreasonable, and the H-4 Rule is a valid exercise of this rulemaking authority." 210 F. Supp. 3d 1, 13 (D.D.C. 2016), *overruled on other grounds by* 942 F.3d 504 (D.C. Cir. 2019). Plaintiffs do not meaningfully address that prior indication, and so there is no basis for granting it a preliminary injunction. *See Winter*, 555 U.S. at 22. Plaintiff's Motion addresses their

likelihood of success in a single sentence, claiming a "fair prospect that, when the Court looks beyond standing and examines the broader issues, it will conclude" otherwise. Pl.'s Mot. 9 (citing Plaintiff's own *amicus* brief with the Supreme Court in *DHS v. Regents of the Univ. of Cal.*, No. 18-587, as authority). That does not carry Plaintiffs' burden. *Cf. United States v. Hall*, 370 F.3d 1204, 1209 (D.C. Cir. 2004) ("[O]ne sentence, unaccompanied by argument or any citation to authority, does not preserve [an] issue for decision.").

The same is true for the balance of harms and the public interest elements, which merge when the Government is the opposing party. *Nken v. Holder*, 556 U.S. 418, 435 (2009). Here, Save Jobs's request that the Court enjoin the H-4 Rule is contrary to the public interest. As this district court has previously explained in similar cases involving employment-based visas, injunctions to the enforcement of such regulations "severely undermine … USCIS's authority to make regulatory determinations about the issuance of [employment-based] visas." *Int'l Internships Programs v. Napolitano*, 798 F. Supp. 2d 92, 100 (D.D.C. 2011). Moreover, "[t]he negative effect on the United States is even more pronounced where, as here, plaintiff does not ask for a remand, but rather requests this court to substitute its judgment for that of the appropriate agency." *Id.* Save Jobs does not point to any competing equities. Instead, it only speculates about potential economic harm to its members based on five-year-old affidavits. For these reasons, the public interest does not weigh in favor of a preliminary injunction enjoining the H-4 Rule.

## CONCLUSION

Based on the foregoing reasons, Plaintiff's Motion should be denied.

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

WILLIAM C. PEACHEY
Director

GLENN M. GIRDHARRY
Assistant Director

By: */s/ Joshua S. Press*
JOSHUA S. PRESS
Trial Attorney
United States Department of Justice
Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Phone: (202) 305-0106
e-Mail: joshua.press@usdoj.gov

*Attorneys for Defendant*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on May 4, 2020, I electronically filed the foregoing document with

the Clerk of the Court by using the CM/ECF system, which will provide electronic notice and an

electronic link to this document to all attorneys of record.

/s/ *Joshua S. Press*
Joshua S. Press
Trial Attorney
U.S. Department of Justice
