## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SAVE JOBS USA,<br><br>*Plaintiff*,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF HOMELAND SECURITY,<br><br>*Defendant*,<br><br>*and*<br><br>ANUJKUMAR DHAMIJA, *et al.*,<br><br>*Intervenors*. | Civil Action No. 1:15-cv-615-TSC |

## PARTIES' JOINT STATUS REPORT

JEFFREY BOSSERT CLARK
Acting Assistant Attorney General

WILLIAM C. PEACHEY
Director

GLENN M. GIRDHARRY
Assistant Director

JOSHUA S. PRESS
Trial Attorney
United States Department of Justice
Civil Division
Office of Immigration Litigation
District Court Section
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Tel: (202) 305-0106
Fax: (202) 305-7000
e-Mail: joshua.press@usdoj.gov

*Attorneys for Defendant*

**STATUS REPORT**

In response to the Court's order of September 29, 2020, the parties provide their respective positions regarding the potential rulemaking regarding H-4 visa holders. The Plaintiff and the Intervenors have authorized Defendant to file this Joint Status Report on their behalf.

**Plaintiff's position:**  In response to the Court's order of September 29, 2020: The only significant event since the last report to the Court on April 1, 2020 is the Supreme Court's decision in *Dep't of Homeland Sec. v. Regents of the Univ. of Cal.*, 140 S. Ct. 1891 (2020). If the Supreme Court had addressed the government's claim that the Deferred Action for Childhood Arrivals program was unlawful, there was a possibility that it would have addressed issues related to this case. Unfortunately, the Supreme Court did not address that issue so the *Regents* opinion ended up not affecting this case. It is now up to the district courts to address the question of whether 8 U.S.C. § 1324a(h)(3) authorizes the executive to permit alien employment returns in the several cases pending in the Federal Courts.

Nothing visible has occurred in regulation since the last report. While a regulation addressing H-4 visa employment has appeared on the Unified Regulatory Agenda since 2018, no proposed regulation has been published. 83 Fed. Reg. 1,663, 1,714 (Jan. 12, 2018).  There has been no indication from the government that that a regulation on H-4 employment will be published in the foreseeable future.

Given the lengthy delays in this five-year-old case that simply raises questions of law and the great unlikelihood of any action by the administration, the Court should permit Plaintiffs to move promptly for summary judgment.

**Defendant's Position:** The U.S. Department of Homeland Security ("DHS") included in its Spring Regulatory Agenda a proposal to remove H-4 dependent spouses from the class of aliens

eligible for employment authorization, effectively rescinding the Plaintiff's challenged H-4 Rule, *Employment Authorization for Certain H-4 Dependent Spouses*, 80 Fed. Reg. 10,284 (Feb. 25, 2015), 8 C.F.R. §§ 214, 274a.

Although DHS formally submitted the proposed rule, titled *Removing H-4 Dependent Spouses from the Class of Aliens Eligible for Employment Authorization* ("H-4 EAD proposed rule") to both the Office of Management and Budget ("OMB") and Office of Information and Regulatory Affairs ("OIRA") for review under Executive Order 12866 on February 20, 2019, this proposed rule is still in the same stage due to urgent competing priorities that have arisen during the COVID-19 pandemic.

**Intervenors' Position**:   Voting for the next president of the United States is already underway, and Election Day itself is less than 30 days from now.  Whichever candidate wins, the election is likely to have a significant impact on this litigation.  If former Vice President Joseph Biden wins, a key issue will be whether his administration chooses to pursue the proposed rule, titled *Removing H-4 Dependent Spouses from the Class of Aliens Eligible for Employment Authorization*, which the Trump administration has submitted to both OMB and OIRA for review.  If President Trump is re-elected, presumably the administration will nominate a Secretary for the Department of Homeland Security, which will resolve issues regarding the propriety of the appointment of Chad Wolf as acting secretary, a controversy that has handicapped DHS's ability to pursue any pending regulations.[1]  And a new Trump administration will likely have renewed political capital and the ability to push forward with its regulatory agenda, including the proposed rule at issue.   Accordingly, the Intervenors believe it

---

[1]    https://www.gao.gov/products/B-331650;
https://www.nytimes.com/2020/08/14/us/politics/homeland-security-illegal-gao.html;
https://www.cnn.com/2020/09/14/politics/judge-chad-wolf/index.html.

would be prudent and appropriate for this Court to await the outcome of the pending election and

then evaluate how to proceed.

Respectfully submitted,

JEFFREY BOSSERT CLARK
Acting Assistant Attorney General

WILLIAM C. PEACHEY
Director

GLENN M. GIRDHARRY
Assistant Director

By: */s/ Joshua S. Press*
JOSHUA S. PRESS
Trial Attorney
United States Department of Justice
Civil Division
Office of Immigration Litigation
P.O. Box 868, Ben Franklin Station
Washington, DC 20044
Phone: (202) 305-0106
Fax: (202) 305-7000
e-Mail: joshua.press@usdoj.gov

*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

I hereby certify that, on October 5, 2020, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system, which will provide electronic notice and an electronic link to this document to all attorneys of record.

/s/ *Joshua S. Press*
Joshua S. Press
Trial Attorney
U.S. Department of Justice