UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Save Jobs USA,<br><br>*Plaintiff,*<br><br>v.<br><br>U.S. Department of Homeland Security,<br><br>*Defendant,*<br><br>and<br><br>Anujkumar Dhamija, *et al.*<br><br>*Intervenors-Defendants*. | Civil Action No. 15-cv-615<br><br>Hon. Tanya S. Chutkan |

**CONSENT MOTION FOR LEAVE TO FILE
BRIEF OF LEADING COMPANIES AND BUSINESS ASSOCIATIONS
AS *AMICI CURIAE* IN SUPPORT OF DEFENDANT**

Pursuant to Local Civil Rule 7(o), proposed *amici* leading companies and business associations[1] respectfully request leave to file a brief as *amici curiae* in support of Defendant in this case. All parties have consented to the filing of the *amicus* brief.

**1.** This is a case of enormous practical consequence: The regulation at issue here—the H-4 Rule, U.S. Dep't of Homeland Security, *Employment Authorization for Certain H-4 Dependent Spouses*, 80 Fed. Reg. 10,284 (Feb. 25, 2015)—provides work authorization to more than 90,000 H-4 visa-holders (spouses of certain H-1B visa-holders), more than 90% of whom are women. Invalidation of this rule would result in these talented individuals being barred from the workplace, forcibly severing tens of thousands of employment relationships across the country. The results

---

[1] A full listing of the *amici* is provided in Appendix A to the attached *amicus* brief.

would be utterly destructive for the families impacted; by just one measure, about 87% of these families have made crucial life decisions on the promise of H-4 employment, including whether to have a child and whether to buy a house.

**2.** Proposed *amici* include leading U.S. companies (and associations of companies) that count H-4 visa-holders as integral parts of their teams, helping to power critical projects and deliver value to their customers and clients. *Amici* also employ many team members on H-1B visas—a great number of whom have relied on their spouses' ability to pursue careers in the United States on H-4 visas as an essential component of their families' decision to bring their talents to this country. *Amici* are committed to ensuring these valued colleagues are not forced to forgo employment or leave the United States; indeed, several of the current proposed *amici* filed a brief on these issues before the D.C. Circuit in this case.

**3.** Proposed *amici* submit that their participation would be useful to the Court in its analysis and disposition of this matter. Because *amici* participate "'for the benefit of the Court' . . . it is solely within the Court's discretion to determine 'the fact, extent, and manner' of participation by the amicus." *Hard Drive Prods., Inc. v. Does 1-1,495*, 892 F. Supp. 2d 334, 337 (D.D.C. 2012) (quoting *United States v. Microsoft Corp.*, 2002 WL 319366, at *2 (D.D.C. Feb. 28, 2002)). Moreover, "[a]micus participation is normally appropriate when . . . 'the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide.'" *Id.* (quoting *Jin v. Ministry of State Sec.*, 557 F. Supp. 2d 131, 137 (D.D.C. 2008). "Generally, a court may grant leave to appear as an *amicus* if the information offered is timely and useful." *Ellsworth Assocs., Inc. v. United States*, 917 F. Supp. 841, 846 (D.D.C. 1996) (quotation marks omitted).

Proposed *amici*'s brief seeks to provide a "unique . . . perspective" (*Hard Drive Prods.*, 892 F. Supp. 2d at 337) by highlighting the immense practical importance of the H-4 work authorizations threatened by this lawsuit, and explaining how this practical importance factors into the reasonableness and legality of the H-4 Rule. Proposed *amici* therefore submit that their brief is

"timely and useful" (*Ellsworth Assocs.*, 917 F. Supp. at 846), and will aid the Court's decisional process in this case.

## CONCLUSION

The Court should grant the motion for leave to file the attached *amicus* brief.

Dated: May 14, 2021

Respectfully submitted,

/s/ *Paul W. Hughes*

Paul W. Hughes (D.C. Bar No. 997235)
   phughes@mwe.com
Andrew A. Lyons-Berg (D.C. Bar No. 230182)
MCDERMOTT WILL & EMERY LLP
500 North Capitol Street, NW
Washington, D.C. 20001
(202) 756-8000 (office)
(202) 756-8087 (facsimile)